**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**RONALD WOOD,**

     **Plaintiff,**

**v.**                                                    **Case No: 5:14-cv-637-Oc-18PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

     **Defendant.**

_____

# REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, I submit that the Commissioner's decision should be **AFFIRMED.**

## I.    BACKGROUND

On November 21, 2011, Plaintiff filed applications for DIB and SSI benefits, alleging disability beginning October 20, 2011. (Tr. 168-75). The claims were denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on March 15, 2013, where both the Plaintiff and an impartial vocational expert, testified. On April 24, 2013, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 21-36).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Plaintiff's request for review was denied by the Appeals Council (Tr. 1-5), and Plaintiff initiated this action on November 14, 2014.   (Doc. 1).   Plaintiff has exhausted his administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

At the time of the ALJ's decision, Plaintiff was fifty-one (51) years old.   (Tr. 28). Plaintiff has a high school education and prior work experience as a short order cook, interstate truck driver, and horseman.   (Tr. 28).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairment: a back disorder. (Tr. 26).   The ALJ found that the Plaintiff had the residual functional capacity to perform light work with the additional restriction to simple and unskilled, or low semi-skilled (SVP 3 or below) work.   (Tr. 27-28).   The ALJ found that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; could sit, stand, and walk for 6 hours in an 8-hour workday; and could perform occasional balancing, stooping, kneeling, crouching or crawling but not climbing.   He should also avoid frequent ascending and descending stairs and he should avoid pushing and pulling motions with the lower extremities.

Based upon his RFC, the ALJ found that Plaintiff could perform his past relevant work as a short order cook.   (Tr. 31).   Accordingly, the ALJ determined that Plaintiff is not disabled.

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision.   *See* 20

CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

## III. DISCUSSION

Plaintiff only raises one argument on appeal – that the ALJ failed to properly evaluate Plaintiff's credibility. The Eleventh Circuit's three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms requires (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined

medical condition is of such a severity that it can be reasonably be expected to cause the alleged pain.  *Foote v. Chater,* 67 F.3d 1553, 1560 (11th Cir.1995); *Kelly v. Apfel,* 185 F.3d 1211, 1215 (11th Cir.1999).   After considering claimant's subjective complaints, the ALJ may reject them as not credible, and that determination is reviewed for substantial evidence.   *Marbury v. Sullivan,* 957 F.2d 837 (11th Cir.1992).   If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates that the claimant's impairment could reasonably be expected to produce some degree of pain and other symptoms, the ALJ evaluates the intensity and persistence of the claimant's symptoms and their effect on his ability to work by considering the objective medical evidence, the claimant's daily activities, treatment and medications received, and other factors concerning functional limitations and restrictions due to pain.   *See* 20 C.F.R. § 404.1529.

Here, I submit that substantial evidence supports the ALJ's finding that Plaintiff's statements concerning the intensity, persistence and limiting effect of his symptoms were not entirely credible.   The ALJ noted that Plaintiff's testimony of disabling limitations was inconsistent with his medical history, the reports of treating and examining practitioners, the degree of medical treatment required and Plaintiff's own description of his activities and lifestyle.

The ALJ discussed the record evidence and properly noted that contrary to Plaintiff's allegations of disabling pain, the record documented only sporadic treatment, with minimal findings on examination.   (T 28-30).   Progress notes from the Marion County Health Department dated October 2011 and January 2012 noted normal findings on examination except for tenderness along the lumbar paraspinous muscles.   (Tr. 255, 257).   In January 2011, Plaintiff was seen by Dr. Mark Patterson for complaints of pain in his back and right leg.   (Tr. 244-45).   On examination, the straight leg raise test was equivocal; muscle strength in the lower extremities was

5/5; sensory exam and deep tendon reflexes were normal; and there was no point tenderness in the back.   Dr. Patterson diagnosed back pain and nicotine addiction, prescribed medication and advised Plaintiff to abstain from smoking.   In February 2011, Dr. Patterson refilled medications and did not note any new complaints.   (Tr. 241).   On October 23, 2011, Plaintiff presented to the emergency room with complaints of lower back and right leg pain after falling while trimming a tree approximately 5 feet in the air.   (Tr. 297-307).   On examination, he had full range of motion in the extremities with no tenderness, no evidence of motor or sensory deficits; sensory exam, muscle strength and tone were normal; there was no numbness or dysesthesisas in the extremities; and his gait was normal.   (Tr. 301).   On May 24, 2012, Plaintiff was seen by Millie Poole, M.D. to establish primary care. (Tr. 314-16).   On examination, Plaintiff had mild paralumbar muscle tightness with only minimal muscle spasm extending laterally; 5/5 motor strength in the upper and lower extremities; mild motor flexion at the waist; and his sensory exam was intact.   (Tr. 315). The ALJ correctly noted that no treating or examining physician identified any specific job related limitations.   (Tr. 30).

In addition, Plaintiff's subjective complaints were inconsistent with the medical opinions of record.   First, consultative physician, Dr. Lilian Akagbosu opined that Plaintiff's only functional limitation was "lifting anything heavy."   (Tr. 292).   Likewise, state agency doctor, Ronald Kline, M.D., opined that Plaintiff could lift and carry up to 20 pounds occasionally and up to 10 pounds frequently; and that in an eight-hour workday, Plaintiff could sit for up to six hours, and walk for up to six hours.   (Tr. 30, 86-87, 95).

The ALJ also noted that Plaintiff's self-reported activities were inconsistent with his allegations of disabling limitations.   *See Conner v. Astrue*, 415 F.App'x 992, 995 (11th Cir. 2011) ALJ can consider a claimant's activities when assessing the credibility of subjective complaints).

For example, only three days after his disability onset date, Plaintiff reported trimming a tree approximately five feet in the air.   (Tr. 29, 300).   In addition, Plaintiff testified that he spends most of his day looking for work online, but that he had not yet obtained work – not because of his disabling limitations – but because employers were not interested once he disclosed that he had previously filed a claim for worker's compensation.   (Tr. 28, 53).

Accordingly, I submit that the ALJ articulated legitimate reasons supported by substantial evidence for not fully crediting Plaintiff's complaints of disabling limitations.

## IV.    RECOMMENDATION

For the reasons stated above, I **RECOMMEND** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g). The **Clerk should be directed** to enter final judgment for the **Commissioner** and **close the file**.

**DONE and ORDERED** in Ocala, Florida on February 2, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties